IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 14 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DANNY TOWNSEND AND KIMBERLEE FITZGERALD, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:12-CV-422-A |
| BANK OF AMERICA, N.A., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on June 4, 2012, in the District Court of Tarrant County, Texas, 348th Judicial District, as Case No. 348-259621-12 by the filing by plaintiffs, Danny Townsend and Kimberlee Fitzgerald, of their original petition ("petition"), against defendant, Bank of America, N.A. ("Bank of America"). Defendant removed the action to this court by notice of removal filed June 21, 2012. On June 29, 2012, pursuant to this court's

order, defendant filed an amended notice of removal. In its amended notice of removal, defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiffs and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs do not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiffs seek to enjoin the defendant from "continuing the foreclosure process on their property and from disturbing the peaceable possession of their property," the minimum amount in controversy can be based on the property value. Am. Notice of Removal at 1-2. In support of its position, defendant cites to legal authority standing for the proposition that when the right to property is in question, the value of the property constitutes the proper measure of the amount in controversy in an action such as this one. Id. at 4. Defendant also argues that where plaintiffs seek injunctive relief in the foreclosure context, courts "have relied on the amount owed on the loan or the value of the property for purposes of determining whether the amount in controversy requirement has been met." Id. at 3. Defendant states that the value of the

property at stake in this action is $180,900, and that the debt obligation "exceeds $200,000." Id. at 4.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal

jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

The True Nature of Plaintiffs' Claims

Plaintiffs' petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define

4

with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented. As a result, the court has evaluated the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

Plaintiffs' petition alleges claims for breach of contract and for violations of the Texas Property Code, and seeks declaratory and injunctive relief, unspecified damages, and attorney's fees. After reviewing such petition, the court concludes that the true nature of this action is to prevent defendant from taking possession of the property pursuant to its foreclosure proceedings. As the petition alleges, plaintiffs pursue that goal by seeking an order enjoining defendant from selling or attempting to sell the property. The court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.00.

Defendant contends that the value of the property serves as the amount in controversy because plaintiffs are seeking to "protect the peaceful possession of [their] home." Am. Notice of Removal at 2. Defendant relies on the argument that in such actions for injunctive relief where plaintiffs seek to protect peaceful possession of their home, that the "proper measure of the amount in controversy is the value of the property at issue."

Id. at 1-2. Defendant further argues that the amount owed on the loan may serve to meet the amount-in-controversy requirement. Id. at 3. Specifically, defendant states (1) that the property value is $180,900, the tax appraisal value of the property provided by the Tarrant County Appraisal District; and (2) that the current "debt obligation . . . exceeds $200,000." Id. at 4.

However, the court is not persuaded by the argument that either of these figures supplies the basis for plaintiffs' interest in the property. Defendant does not cite to, nor can the court discern, any such statement to support a finding that the property value is the amount in controversy. That is, defendant's attribution of either one of these two property value figures as damages is an act of its own doing--not an act of the plaintiffs. To the extent that these statements suggest that the property value or the loan amount may be the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

The court also remains unpersuaded by defendant's other arguments as to the value of plaintiffs' interest in the

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

property. The fact that plaintiffs may have an outstanding balance of approximately $200,000 in unpaid mortgage payments, for instance, does not demonstrate that this figure is the amount in damages that plaintiffs are seeking to recover. Again, plaintiffs have not alleged that the value to them of their interest in the property is equivalent to the outstanding balance on their mortgage.

Plainly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to retain possession of the property. Nothing is alleged that would put a monetary value to plaintiffs' accomplishment of those goals. While plaintiffs appear to request equitable relief based on a claim that they are not entitled to hold legal title in the property, they do not assert that such relief is based on a claim that they have outright ownership of the property, free of any indebtedness. Indeed, plaintiffs make statements to suggest that their ownership of the property *is* encumbered by a debt, or more precisely, a security lien.[2] The value to plaintiffs of their rights in the litigation is, at most, the value of their interest

---

[2] Plaintiffs suggested in their petition that their ownership of the property is subject to a security lien placed by the deed of trust, stated that they executed and delivered a promissory note and deed of trust to the defendant's predecessor in interest, and claimed to have a "valid contract with Defendant in the form of the Note, Deed of Trust, and Escrow Waiver Agreement." Notice of Removal, Ex. A2 at 3, ¶ 9 and 6, ¶ 24.

in the property, not the value of the property itself.[3] Defendant therefore has not established the value of plaintiffs' interest in the property.

Thus, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

### IV.

### Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 14, 2012.

/s/ John McBryde
_____
JOHN McBRYDE
United States District Judge

---

[3] In their petition, plaintiffs alleged that because defendant breached the contract with plaintiffs, and that plaintiffs "are not in breach of any covenant or in default of any obligation owed to [d]efendant," that the defendant's foreclosure process was unlawful. See Notice of Removal, Ex. A2 at 4, ¶ 11 and 6, ¶ 24.